DA 07-0274

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 113N

IN RE THE MARRIAGE OF:

ANNE M. THIELEN,

Petitioner and Appellant,

v.

BENEDICT THIELEN,

Respondent and Appellee.

APPEAL FROM:   District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DR 05-144,
Honorable John W. Whelan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Kevin E. Vainio, Attorney at Law, Butte, Montana

For Appellee:

Bernard J. Everett, Knight, Dahood, Everett & Sievers,
Anaconda, Montana

Submitted on Briefs:  April 2, 2008

Decided:  April 8, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Benedict Thielen ("Ben") appeals from the District Court's final decree of dissolution. Although Ben accepts certain provisions of the decree, he selectively challenges the court's authority to enter the decree insofar as it: (1) awarded Anne a credit in the amount of $15,585.07 from the proceeds of the sale of the marital home as reimbursement of Anne's premarital money applied towards a down payment on the home, (2) required Ben to be solely responsible for a portion of a loan secured by the marital home because proceeds from the loan were used to pay Ben's premarital child support obligation, and (3) required Ben to reimburse Anne for one-half of the 2004 tax refund.

¶3 Section 40-4-202(1), MCA, requires that the District Court "equitably apportion between the parties the property and assets belonging to either or both . . . ." We review a distribution of marital property for an abuse of discretion.

¶4 In the present matter, we have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our Internal Operating Rules, as amended in 2003, that provides for memorandum opinions. It is manifest on the face of the briefs and the record before us

2

that settled Montana law controls the outcome. The District Court did not abuse its discretion in equitably apportioning the property and assets of the parties.

¶5      We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE